EDANIEL L. MOORE, Claimant/General Contractor-Appellant, v. JOSE TABLADA, JR. and VICTORIA MARIA TABLADA, Owners/Respondents-Appellees, and GECC FINANCIAL CORPORATION, a Hawaii corporation, Mortgagee/Respondent

NO. 10499

(M.L. NO. 84-0014)

NOVEMBER 4, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order dismissing an application for a mechanic's and materialman's lien and the denial of a reconsideration thereof. We affirm.

On October 12, 1984, appellant filed an application for a mechanic's and materialman's lien to attach to a residential lot in Kailua, Oahu, owned by the appellees. Appellant claimed that appellees owed the principal amount of $22,757.59 to it for labor and materials furnished in connection with the construction of a residence on the property. The notice accompanying the application fixed the date of hearing as Thursday, November 15, 1984. Appellees were served on October 19. On November 9, 1984, the appellees moved to dismiss the application citing HRS § 507-43 which provides in part: "The Application and Notice shall be returnable not less than three nor more than ten days after service." This motion was granted.

Appellant contends that the language in question, while mandatory on its face, should be construed as being directory only. The parties have been unable to point to anything in the legislative history of the act adopting the provision in question, Act 113, S.L.H. 1974 which is

significant on the issue of whether the provision in question is directory or mandatory. As appellees point out, the 1974 amendment was necessary to satisfy the due process decisions of the United States Supreme Court in *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

Historically this court has strictly construed the procedural requirements of the mechanic's and materialman's liens law, while liberally construing the remedial portions thereof. *Hawaii Carpenters' Trust Funds v. Ahloe Development Corp.,* 63 Haw. 566, 572-73, 633 P.2d 1106, 1110 (1981); *Lewers & Cooke, Ltd. v. Wong Wong,* 22 Haw. 765, 768 (1915). We are here dealing with a procedural requirement.

Appellant cites *Jack Endo Electric, Inc. v. Lear Siegler, Inc.,* 59 Haw. 612, 585 P.2d 1265 (1978). However, that case is distinguishable on its facts. There the lien claimant gave notice of lien only to the lessee and the contractor, because, as this court noted, the claimant was not concerned with affecting the lessor's interest in either the improvements or the fee. The circuit court dismissed because no notice had been given to the lessor. This court reversed, but in so doing, noted:

> In the instant case, since the notice of lien failed to name and was not served upon the fee owner of the property, the lien will not attach to any interest of the fee owner in either the improvements or the real property upon which the improvements were situated.

*Id.* at 617, 585 P.2d at 1270. In our case, appellant's procedural failure directly affected the fee owners' (appellees) interests.

We hold that the provision in question, being procedural in nature is, as its plain language indicates, mandatory.[1] Affirmed.

*David W. Proudfoot (Stephen D. Whittaker* and *Jeffrey E. Brunton* on the briefs, *Case, Kay & Lynch* of counsel) for appellant.

*Arthur S.K. Fong* for appellees.

---

[1] It is incumbent upon the attorney for a lien applicant to obtain a return date which falls within the period fixed by the statute. The statute contains ample provision for continuances by order of the court if that becomes necessary.

## DISSENTING OPINION OF NAKAMURA, J., WITH WHOM WAKATSUKI, J., JOINS

The court affirms the dismissal of Appellant's application for a mechanic's and materialman's lien on grounds that the pertinent statutory provision "being procedural in nature is . . . mandatory" and the "appellant's procedural failure directly affected the fee owners' (appellees) interests." But the "procedural failure," if one occurred, cannot be attributed to the appellant, and I would relieve him of the harsh and unjust consequences of the circuit court's action.

I.

In the case at bar a contractor who furnished labor and materials for the improvement of real property was not paid in full and sought to attach a lien thereto. He filed a timely application setting forth "the amount of the claim, the labor or material furnished, a description of the property sufficient to identify the same, and . . . other matter[s] necessary to a clear understanding of the claim."[1] But the court agrees with the circuit court that the application was fatally defective because it was made returnable more than ten days after service upon the property owner.

---

[1] These procedural requisites are delineated in Hawaii Revised Statutes (HRS) § 507-43. Section 507-43(b) provides in part that "[t]he Application and Notice shall be filed not later than forty-five days after the date of completion of the improvement against which it is filed." And the first paragraph of HRS § 507-43(a) reads:

Any person claiming a lien shall apply therefor to the circuit court of the circuit where the property is situated. Such "Application For A Lien" shall be accompanied by a written "Notice Of Lien" setting forth the alleged facts by virtue of which the person claims a lien. A copy of the Application and Notice shall be served in the manner prescribed by law for service of summons upon the owner of the property and any person with an interest therein and upon the party or parties who contracted for the improvements if other than the owner of the property or any person with an interest therein. If any person entitled to notice cannot be served as herein provided, notice may be given the person by posting the same on the improvement. The Application shall set forth the amount of the claim, the labor or material furnished, a description of the property sufficient to identify the same, and any other matter necessary to a clear understanding of the claim. If the claim has been assigned, the name of the assignor shall be stated. The Application shall specify the names of the parties who contracted for the improvement, the name of the general contractor and the names of the owners of the property and any person with an interest therein. The Application may (but need not) specify the names of the mortgagees or other encumbrancers of the property, if any, and the name of the surety of the general contractor, if any.

"Historically," the court observes, "[we have] strictly construed the procedural requirements of the mechanic's and materialman's lien law" and "[w]e are here dealing with a procedural requirement." Yet, we have not always given "mandatory effect to procedural provisions, though the relevant statutory language, as in this case, may be obligatory in form." *Perry v. Planning Commission,* 62 Haw. 666, 675-76, 619 P.2d 95, 102 (1980). And for "reasons founded in fairness and justice, time provisions are often found to be directory where a mandatory construction might do great injury to persons not at fault." 2A N. Singer, *Sutherland Statutory Construction* § 57.19 (4th ed. 1984).

The time provision in question makes an "Application and Notice . . . returnable not less than three nor more than ten days after service." HRS § 507-43(a).[2] Granted, the application here was not made returnable within the time specified by the statute. Still, the setting of the return-day hearing was hardly a procedural requisite to be met by the lien claimant; it was a matter within the circuit court's province.

## II.

An action to establish a lien is commenced by the filing of an Application and Notice, in the form prescribed by HRS § 507-43, with the circuit court of the circuit where the property is situated. The Application and Notice is tantamount to the complaint in other civil actions. Rule 4(a) of the Hawaii Rules of Civil Procedure (HRCP)

---

[2]The second paragraph of HRS § 507-43(a) reads:

The Application and Notice shall be returnable not less than three nor more than ten days after service. On the return day, a hearing shall be held by the court to determine whether probable cause exists to permit the lien to attach to the property. Any person to whom notice is required to be given shall be permitted to offer testimony and documentary evidence on the issue of whether probable cause exists to permit the lien to attach. If the person who contracted for the improvement from which the requested lien arises claims a set-off against the lienor or if any person to whom notice is required to be given otherwise disputes the amount of the requested lien, the court shall hear and receive all admissible evidence offered and shall only permit the attachment of a lien in the net amount which the court determines is the reasonable probable outcome of any such dispute. The return day hearing may be continued at the order of the court so that the entire controversy need not be determined on the originally scheduled return day. The lien shall not attach to the property until the court finds probable cause exists and so orders. No such order shall be entered before the Application and Notice have been served on the party contracting for the improvement. the general contractor and the owner of the property, and they were given an opportunity to appear at the hearing.

provides that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to a person authorized to serve process." It is the clerk who is charged with the responsibility of summoning a party. Thus the provision in HRS § 507-43 that the initial pleading in a lien proceeding "shall be returnable [within] ten days of service" can only be meant for his guidance.

The court nevertheless saddles the lien claimant with the harsh consequences of non-compliance on the ground that "[i]t is incumbent upon the attorney for a lien applicant to obtain a return date which falls within the period fixed by the statute." This holding, of course, ignores the governing procedural rule and the realities of practice in the circuit court. That "[t]he statute contains ample provision for continuances by order of the court if that becomes necessary," as the court has noted, only serves to confirm the circuit court's responsibility to set return dates for lien applications and demonstrate the non-mandatory nature of the time provision at issue.

"When a statute directs things to be done by a private person within a specified time, and makes his rights dependent on proper performance . . . , the statute is mandatory." 2A N. Singer, *Sutherland Statutory Construction, supra* (footnote and citations omitted). But a statute directing something to be done by a public officer is not viewed in the same light.

> A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered a limitation of the power of the officer.

*Id.* (footnote and citations omitted). Nothing in the wording of the statute even suggests the designation of time here must be considered a limitation of the circuit court's power, and it can only be deemed directory.

A more precise and accurate statement of our rule of strict construction the court relies on to affirm the dismissal of the application is "that the prescribed requirements which are to be met by persons who may assert the lien must be strictly complied with, and the conditions which give rise to the lien must be clearly shown to exist." *Lewers & Cooke, Ltd. v. Wong Wong,* 22 Haw. 765, 767-68 (1915). Inasmuch as the lien claimant met the requirements prescribed for the commencement of a lien proceeding, he should have been given an opportunity to make

preliminary proof of his claim. "[W]hen the mechanic [or materialman] has done all that it is necessary for him to do, has performed the work or supplied the material . . . , the duty of the courts is to see that those whom the law intended to protect shall enjoy the advantages which it confers." *Bristol Iron & Steel Co. v. Thomas,* 93 Va. 396, 401, 25 S.E. 110, 112 (1896). I would vacate the order of dismissal and remand the case for further proceedings.