**STATE OF HAWAII**, Plaintiff–Appellant, v. **GLENN Y. HIMURO**, Defendant–Appellee

NO. 12585

(CASE NO. TR24 OF 5/14/87)

OCTOBER 6, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The issue in this appeal is whether the twenty day time period prescribed by Hawaii Revised Statutes (HRS) § 286–156 for an affidavit hearing prior to revoking an arrested person's driver's license for refusal

to submit to a sobriety test is mandatory or directory. We conclude that the twenty day hearing provision is mandatory and affirm.

## I.

Appellee was arrested for Driving While Under the Influence of Intoxicating Liquor (DUI) and transported to the police station where he refused to take a blood or breath test in violation of the "implied consent law," HRS § 286-155. The sanctions for refusal to submit to sobriety testing include revocation of the arrested person's driver's license for twelve months and referral to a substance abuse counselor. The arresting officer prepared the affidavit required by § 286-155 whenever an arrested person refuses to submit to testing.[1]

At Appellee's arraignment one week later, the district court ordered that a hearing on the § 286-155 violation[2] be held within twenty days in accordance with HRS § 286-156. However, the hearing was mistakenly set for the twenty-first day. At the hearing, the Appellee moved to dismiss the case against him for Refusal to Submit to Sobriety Testing. The court denied the motion based on a belief that the Appellee had waived the twenty day requirement. Appellee was found guilty of DUI and Refusal to Submit to Chemical Testing.

Appellee subsequently filed a Motion for Reconsideration, arguing that the twenty day time period is mandatory and, therefore, failure to comply with it rendered the judgment against him void. The court found that a clerical error was the cause of the hearing being held on the twenty-first day. Subsequently, the court granted the Motion for Reconsideration and vacated the finding of guilty on the § 286-155 violation. The court also granted the Defendant's earlier motion to dismiss the case. The State appeals.

---

[1] The affidavit must state: (1) that the arresting officer had reasonable grounds to believe the arrested person had been driving while under the influence; (2) that the arrested person had been informed of the statutory sanctions; and (3) that the person had refused to submit to a breath or blood test. HRS § 286-155(a) (Supp. 1987).

[2] The court also ordered that the DUI case be heard jointly with the § 286-155 violation.

## II.

The sole issue in this case is whether the twenty day time period prescribed by HRS § 286–156 is mandatory, or directory. The provision at issue states in relevant part:

A hearing to determine the truth and correctness of an affidavit submitted to a district judge shall be held within twenty days after the district judge has received the affidavit.

The statute clearly and unambiguously provides that a hearing on the affidavit required to be filed prior to revocation of a person's driver's license for refusing to submit to sobriety testing "*shall* be held within twenty days." Where the language of a statute is plain and unambiguous that a specific time provision must be met, it is mandatory and not merely directory. *Town v. Land Use Comm'n*, 55 Haw. 538, 542, 524 P.2d 84, 88 (1974); *Hawaii Corp. v. Kim*, 53 Haw. 659, 666, 500 P.2d 1165, 1169 (1972). We have also recognized, however, that while the word "shall" is generally regarded as mandatory, in certain situations it may be given a directory meaning. *Jack Endo Elec. Co. v. Lear Siegler, Inc.*, 59 Haw. 612, 616, 585 P.2d 1265, 1269 (1978). Appellant contends that the language in question, while mandatory on its face, should be construed in directory fashion. We disagree.

In determining whether a statute is mandatory or directory, the intent of the legislature must be ascertained. 59 Haw. at 617, 585 P.2d at 1269. "The legislative intent may be determined from '. . . a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other.'" *Id.* We are also mindful that "our primary duty . . . in interpreting statutes is to ascertain and give effect to the intention of the legislature which, in the absence of a clearly contrary expression is conclusively obtained by the language of the statute itself." *Boulton v. Boulton*, 69 Haw. ___, ___, 730 P.2d 338, 339 (1986).

HRS Chapter 286 was enacted to establish a traffic safety program out of "grave concern" over death and personal injury, damage to property, and other losses suffered on account of highway traffic accidents. Sen. Conf. Comm. Rep. No. 23, in 1967 Senate Journal, at 824. The purpose of requiring a prompt hearing under the "implied consent" provisions of Chapter 286 is not specified in the legislative history. It appears clear, however, that the legislature's object was to provide a procedure for the prompt revocation of an arrested person's driver's license upon re-

fusal to submit to sobriety testing. The license revocation procedure contributes towards the overall goal of preventing traffic accidents by removing intoxicated drivers from the highways as expeditiously as possible. In fact, as originally enacted, the law mandated a hearing within *ten* days, but was amended in 1973 to extend the time period to twenty days due to "administrative problems." Hse. Stand. Comm. Rep. No. 508, in 1973 House Journal, at 974. The amendment retained the mandatory language and reaffirmed the statutory requirement that hearings be held within a specified time.

In enacting the "implied consent" law, the legislature's purpose was to benefit the public interest in keeping our highways safe. We are convinced that a directory rather than a mandatory reading of the twenty day hearing requirement would be contrary to this intent. We acknowledge that the consequences of a mandatory construction are harsh to the state in the instant case, since the Appellee will avoid the sanctions of the statute simply because the hearing was held one day late. The consequences of a directory reading, however, would confound the statutory scheme by allowing the time period for hearings on license revocations to be delayed beyond the twenty days prescribed by the legislature. This result is clearly contrary to the plain language of the statute as well as its underlying purpose and intent.

We hold that HRS § 286–156's requirement of a hearing within twenty days is, as its plain language indicates, mandatory. The trial court's ruling dismissing the case and vacating its earlier finding of guilty for violation of § 286–156 is affirmed.

*James Anderson* (*Arthur E. Ross* on the opening brief and *Lila B. LeDuc* on the reply brief), Deputy Prosecuting Attorneys, for Plaintiff–Appellant.

*George M. Takane*, for Defendant–Appellee.