198 P.3d 124

**Steve TATAII, Plaintiff,**

v.

**Kevin B. CRONIN, Chief Election Officer for the State of Hawai'i and Neil Abercrombie, Defendants.**

**No. 29477.**

Supreme Court of Hawai'i.

Dec. 16, 2008.

Steve Tataii, plaintiff pro se.

Aaron H. Schulaner, for defendant Kevin B. Cronin.

Corianne W. Lau and Shannon M.I. Lau (of Altson Hunt Floyd & Ing), Honolulu, for defendant Neil Abercrombie.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

PER CURIAM.

In this original proceeding, plaintiff Steve Tataii, an unsuccessful congressional candidate in the November 4, 2008 general election, challenged, pursuant to Hawai'i Revised Statutes (HRS) § 11–172 (1993)[1] and HRS

---

1. **HRS § 11–172 (1993) Contests for cause; generally.**

With respect to any election, any candidate, or qualified political party directly interested, or

§ 11–174.5 (Supp.2007)[2], the election results for the first congressional district seat in the U.S. House of Representatives. Pursuant to HRS § 11–174.5(b), we issued, concurrently with this opinion, Findings of Fact, Conclusions of Law, and Judgment in favor of defendant chief election officer Kevin Cronin and defendant Neil Abercrombie and against plaintiff Tataii.

We hold that: (1) plaintiff Tataii's election contest complaint, filed after 4:30 p.m. on the twentieth day following the November 4, 2008 general election, was filed within the time provision of HRS § 11–174.5(a); and (2) plaintiff Tataii failed to meet his burden of demonstrating errors, mistakes, or irregularities that could cause a difference in the election results.

## I. *Background*

Plaintiff Tataii was the Republican candidate in the November 4, 2008 general election for the office of U.S. Representative, District I. The election results for that office were: (1) Neil Abercrombie (D): 154,208 votes; (2) Steve Tataii (R): 38,115 votes; and (3) Li Zhao (L): 7,594 votes.

Plaintiff Tataii challenged the above results by filing an election contest complaint pursuant to HRS §§ 11–172 and 11–174.5. The complaint was filed in the supreme court on November 24, 2008 at 4:32 p.m. The complaint alleged that: (1) defendant Neil Abercrombie, despite representations that he would participate in pre-election debates with plaintiff Tataii, refused to debate plaintiff Tataii; (2) the absence of debates left Hawai'i voters "in [the] dark about which candidate [was] the best choice"; (3) plaintiff Tataii's 38,115 votes "could have been considerably higher if debates had taken place"; and (4) defendant Abercrombie's refusal to debate caused plaintiff Tataii to lose the election. Plaintiff Tataii sought a judgment from this court ordering a new election for the office of U.S. Representative, District I and ordering defendant Abercrombie to participate in a series of televised debates with plaintiff Tataii prior to a new election.

Defendant Abercrombie moved to dismiss the complaint for failure to state a claim upon which relief could be granted and as untimely filed after 4:30 p.m. on November 24, 2008. Defendant Cronin also moved to

any thirty voters of any election district, may file a complaint in the supreme court. The complaint shall set forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results. The complaint shall also set forth any reasons for reversing, correcting, or changing the decisions of the precinct officials or the officials at a counting center in an election using the electronic voting system. A copy of the complaint shall be delivered to the chief election officer or the clerk in the case of county elections.

**2. HRS § 11–174.5 (Supp.2007) Contests for cause in general, special general, special, and runoff elections.**

(a) In general, special general, special, or runoff elections, the complaint shall be filed in the office of the clerk of the supreme court not later than 4:30 p.m. on the twentieth day following the general, special general, special, or runoff election and shall be accompanied by a deposit for costs of court as established by rules of the supreme court. The clerk shall issue to the defendants named in the complaint a summons to appear before the supreme court not later than 4:30 p.m. on the tenth day after service thereof.

(b) In cases involving general, special general, special, or runoff elections the complaint shall be heard by the supreme court in which the complaint was filed as soon as it reasonably may be heard. On the return day, the court, upon its motion or otherwise, may direct summons to be issued to any person who may be interested in the result of the proceedings.

At the hearing, the court shall cause the evidence to be reduced to writing and shall give judgment, stating all findings of fact and of law. The judgment may invalidate the general, special general, special, or runoff election on the grounds that a correct result cannot be ascertained because of a mistake or fraud on the part of the precinct officials; or decide that a certain candidate, or certain candidates, received a majority or plurality of votes cast and were elected. If the judgment should be that the general, special general, special, or runoff election was invalid, a certified copy thereof shall be filed with the governor, and the governor shall duly call a new election to be held not later than one hundred twenty days after the judgment is filed. If the court shall decide which candidate or candidates have been elected, a copy of that judgment shall be served on the chief election officer or county clerk, who shall sign and deliver to the candidate or candidates certificates of election, and the same shall be conclusive of the right of the candidate or candidates to the offices.

dismiss the complaint for failure to state a claim upon which relief could be granted and noted that this court lacked jurisdiction over this proceeding "unless [this court] determine[d] that the 4:30 p.m. deadline [prescribed by HRS § 11–174.5(a) ] is directory as opposed to mandatory."

## II. *Discussion*

### A. *The 4:30 P.M. Provision Of HRS § 11–174.5(a) Is Directory.*

Plaintiff Tataii filed his election contest complaint in the supreme court at 4:32 p.m. on November 24, 2008, the twentieth day after the November 4, 2008 general election. HRS § 11–174.5(a) provides that the complaint "shall be filed [in the supreme court] not later than 4:30 p.m. on the twentieth day following the general . . . election[.]."

■ "Where the language of a statute is plain and unambiguous that a specific time provision must be met, it is mandatory and not merely directory." *Coon v. City and County of Honolulu,* 98 Hawai'i 233, 255, 47 P.3d 348, 370 (2002) (quoting *State v. Himuro,* 70 Haw. 103, 105, 761 P.2d 1148, 1149 (1988)). "We have also recognized, however, that while the word 'shall' is generally regarded as mandatory, in certain situations it may be given a directory meaning." *Coon,* 98 Hawai'i at 256, 47 P.3d at 371 (quoting *Himuro,* 70 Haw. at 105, 761 P.2d at 1149).

■ "In determining whether a statute is mandatory or directory, the intent of the legislature must be ascertained." *Himuro,* 70 Haw. at 105, 761 P.2d at 1149 (citing *Jack Endo Electric, Inc. v. Lear Siegler, Inc.,* 59 Haw. 612, 617, 585 P.2d 1265, 1269 (1978)). "The legislative intent may be determined from 'a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other.' " *Id.* (ellipsis omitted). "We are also mindful that 'our primary duty in interpreting statutes is to ascertain and give effect to the intention of the legislature, which, in the absence of a clearly contrary expression is conclusively obtained by the language of the statute itself." *Id.* (ellipsis and citation omitted).

■ As to the time provisions of HRS § 11–174.5(a), the twenty-day provision is clear and must be given a mandatory reading. A directory reading of the "no later than 4:30 p.m." provision as being tantamount to "the close of business" would not be contrary to the legislature's intent to restrict the period for a general election challenge to twenty days and the consequences of a directory reading of the 4:30 p.m. provision would not extend the period for a general election challenge beyond twenty days and would not confound the statutory scheme of HRS § 11–174.5(a). We hold that the twenty-day provision of HRS § 11–174.5(a) is mandatory and the "no later than 4:30 p.m." provision of HRS § 11–174.5(a) is directory. Plaintiff Tataii's complaint filed at 4:32 p.m. on November 24, 2008 was filed within the time provision of HRS § 11–174.5(a).

### B. *Plaintiff Tataii Failed To Meet His Burden Of Demonstrating Errors, Mistakes Or Irregularities That Could Cause A Difference In The Election Results.*

■ An election contest complaint "shall set forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results." HRS § 11–172. "A complaint challenging the results of [a general] election pursuant to HRS § 11–172 fails to state a claim unless the plaintiffs demonstrate errors that would change the outcome of the election[.]" *Akaka v. Yoshina,* 84 Hawai'i 383, 387, 935 P.2d 98, 102 (1997) (citing *Elkins v. Ariyoshi,* 56 Haw. 47, 48, 527 P.2d 236, 237 (1974) and *Funakoshi v. King,* 65 Haw. 312, 317, 651 P.2d 912, 915 (1982) (" 'Difference in the election results' in [HRS § 11–172] mean[s] a difference sufficient to overturn the nomination of any particular candidate or candidates in the primary.")).

[T]he [plaintiff] must show that he or she has actual information of mistakes or errors sufficient to change the result. The [plaintiff] has the burden of demonstrating that the specific acts and conduct of which [he or she] complain[s] would have had the effect of changing the results. In the absence of facts showing that irregularities

exceed the reported margin between the candidates, the complaint is legally insufficient because, even if its truth were assumed, the result of the election would not be affected.

. . .

It is not sufficient that the [plaintiff] points to a poorly run and inadequately supervised election process that evinces room for abuse or possibilities of fraud. An election contest cannot be based upon mere belief or indefinite information . . . .

*Akaka v. Yoshina,* 84 Hawaiʻi at 387–388, 935 P.2d at 102–103 (internal quotation marks, internal brackets, and citations omitted).

Upon considering a complaint contesting a general election, this court "may invalidate the general . . . election on the grounds that a correct result cannot be ascertained because of a mistake or fraud on the part of the precinct officials; or decide that a certain candidate, or certain candidates, received a majority or plurality of votes cast and were elected." HRS § 11–174.5(b).

When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. *AFL v.*

*Bosque,* 110 Hawaiʻi 318, 321, 132 P.3d 1229, 1232 (2006).

The court's consideration of matters outside the pleadings converts a motion to dismiss into one for summary judgment. *Buscher v. Boning,* 114 Hawaiʻi 202, 212, 159 P.3d 814, 824 (2007). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Silva v. City and County of Honolulu,* 115 Hawaiʻi 1, 6, 165 P.3d 247, 252 (2007).

Plaintiff Tataii made no showing that defendant Abercrombie was under any obligation to debate plaintiff Tataii. Therefore, the refusal to debate was not an error, mistake, or irregularity that would change the results of the election for U.S. Representative, District I. We hold that plaintiff Tataii failed to meet his burden of demonstrating errors, mistakes, or irregularities that could cause a difference in the election results. The remedy of ordering a new election with televised debates was not authorized by HRS § 11–174.5(b).