**Electronically Filed
Intermediate Court of Appeals
30078
18-NOV-2010
09:41 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---oOo---

IN THE MATTER OF THE TAX APPEAL
OF
DANIEL AREGGER & SUSAN ROGERS-AREGGER,
Appellants-Appellants,
v.
STATE OF HAWAI'I, DEPARTMENT OF TAXATION,
Appellee-Appellee

NO. 30078

APPEAL FROM THE TAX APPEAL COURT
(CASE NO. 08-0110)

NOVEMBER 18, 2010

FOLEY, PRESIDING J., FUJISE AND LEONARD, JJ.

OPINION OF THE COURT BY FOLEY, PRESIDING J.

Appellants-Appellants Daniel Aregger and Susan Rogers-Aregger (the Areggers) appeal from the "Order Granting Appellee Director of Taxation, State of Hawaii's Motion to Dismiss (Filed

April 21, 2009)" filed on August 26, 2009 in the Tax Appeal Court of the State of Hawai'i[1] (tax appeal court). Appellee-Appellee Director of Taxation, State of Hawai'i, (the Director) filed a motion to dismiss the Areggers' appeal on the grounds that the tax appeal court lacked subject matter jurisdiction over the appeal because the Areggers' Notice of Appeal (Notice of Appeal) had not been timely served on the Director pursuant to Hawaii Revised Statutes (HRS) § 232-17 (Supp. 2007).

The issue on appeal is whether the tax appeal court had subject matter jurisdiction over the tax appeal.

## I.

On October 1, 2008, the Board of Taxation Review, First Taxation District (the Board) filed a Decision in which the Board found in favor of the Director in the amount of $7,308.37 and against the Areggers, as taxpayers, and determined that the evidence demonstrated the assessment was proper and valid.

On October 29, 2008, the Areggers appealed to the tax appeal court from the Board's Decision. A certificate of service attached to the Notice of Appeal shows that a copy of the notice was mailed to "Mr. D. Mun (Mun), Tax Returns Examiner, Office Audit Branch, Department of Taxation." No copy of the Notice of Appeal was sent to the Director.

On October 30, 2008, the clerk of the tax appeal court filed a Notice of Entry of Notice of Appeal to Tax Appeal Court (Notice of Entry) pursuant to Rule 4 of the Rules of the Tax Appeal Court. The certificate of service attached to the Notice of Entry shows that it was mailed on that date to the Areggers' attorney, the Department of the Attorney General of the State of Hawai'i, and the Director.

---

[1] The Honorable Gary W.B. Chang presided.

The Director filed an answer on November 19, 2008 to the Areggers' Notice of Appeal, stating, among other defenses, that the tax appeal court "may lack subject matter jurisdiction."

On April 21, 2009, the Director filed a Motion to Dismiss the Areggers' appeal for lack of subject matter jurisdiction, asserting that the Areggers had failed to properly serve the Director pursuant to HRS § 232-17. The tax appeal court held a hearing on the motion on May 18, 2009 and, on August 26, 2009, granted the motion.

On September 23, 2009, the Areggers timely appealed to this court.

## II.

The Hawai'i Supreme Court has held that "[t]he interpretation of a statute is a question of law" reviewed de novo. Sugarman v. Kapu, 104 Hawai'i 119, 123, 85 P.3d 644, 648 (2004). "The court's primary obligation in construing a statute is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." Id. (internal quotation marks, citation, and brackets omitted).

To determine whether a statute is mandatory or directory, the supreme court observed that "the intention of the legislature must be ascertained." Jack Endo Elec., Inc. v. Lear Siegler, Inc., 59 Haw. 612, 617, 585 P.2d 1265, 1269 (1978). "In general, a statute is directory rather than mandatory if the provisions of the statute do not relate to the essence of the thing to be done or where no substantial rights depend on compliance with the particular provisions and no injury can result from ignoring them." Id.

## III.

Rules of the Tax Appeal Court (RTAC) Rule 2(a) provides in relevant part:

3

Rule 2.   APPEALS.

> (a)   Filing.  An appeal shall be initiated by filing with the clerk of the Tax Appeal Court a written notice of appeal . . . . The appellant shall file a copy of such notice with the assessor, taxpayer, and county, as the case may be, pursuant to HRS, Sections 232-16 and 232-17, not later than the date fixed by law for the taking of the appeal.

(Emphasis added.)

The Areggers contend it was error for the tax appeal court to dismiss the case for lack of jurisdiction because in accordance with Rule 2(a), they filed the notice with the clerk of the tax appeal court and mailed a copy of the notice to Mun, who was the "assessor," within the thirty-day time limit.  The Director contends that notwithstanding the language of Rule 2(a), due to legislative amendments to HRS § 232-17 in 2007, it was mandatory that notice be served on the Director, not the tax assessor.  The Director further contends that when the Areggers failed to serve the Director within the prescribed time period, the appeal was not properly commenced and the tax appeal court lacked subject matter jurisdiction to hear the case.  The Areggers argue that, even though they did not serve the Director directly, the Director's attorneys knew about the appeal when the attorneys received the Notice of Entry on October 31, 2008.  The Areggers assert that any lack of service on the Director was the fault of Mun "for failing to forward to his higher-ups legal documents addressed to his attention."

We note that "an appellant's failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion."  Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986) (internal quotation marks, citation, and brackets omitted).

4

Prior to the amendment of HRS § 232-17 in 2007, its statutory language closely aligned with Rule 2(a), providing in relevant part:

> §232-17 **Appeals from boards of review to tax appeal court.** An appeal shall lie to the tax appeal court from the decision of a state board of review . . . by the filing, by the taxpayer . . . of a written notice of appeal in the office of the tax appeal court within thirty days after the filing of the decisions of the state board of review . . . . The taxpayer <u>shall also file a copy of the notice of appeal in the assessor's office</u> . . . ."

HRS § 232-17 (2001 Repl.) (emphasis added).

The 2007 Hawaii Legislature amended HRS §§ 232-16 and 232-17[2] in response to the 2006 Hawai'i Supreme Court decision in <u>Narmore v. Kawafuchi</u>, 112 Hawai'i 69, 71 & 82, 143 P.3d 1271, 1273 & 1284 (2006), holding that service on the Director[3] was not mandatory. <u>See also</u> H. Stand. Comm. Rep. No. 565, in 2007 House Journal, at 1318 ("This bill is in response to a Hawaii Supreme Court decision that a taxpayer is not required to serve the Director of Taxation with a notice of appeal.").

Narmore filed a notice of appeal with the tax appeal court, but neglected to serve a copy of the notice of appeal on the assessor, as required by Rule 2(a) and HRS § 232-17 (2001). <u>Narmore</u>, 112 Hawai'i at 73-74, 143 P.3d at 1275-76. The Hawai'i Supreme Court held that the requirement to file a copy of the notice of appeal with the assessor was directory, not mandatory, and, thus, even if the taxpayer neglected to file a copy with the assessor, the tax appeal court still had jurisdiction. <u>Id.</u> at 71 & 82-83, 143 P.3d at 1273 & 1284-85.

---

[2] HB 1256, HD1, SD1, A Bill for an Act Relating to the Perfection of Appeals to the Tax Appeal Court, was signed into law as Act 154, effective June 8, 2007.

[3] In <u>Narmore</u>, the parties "appear[ed] to agree that the . . . Director of the Department of Taxation, State of Hawai'i . . . [was] the "assessor" for purposes of HRS § 232-17 . . . . The parties likewise appear[ed] to agree that the [Director] is the assessor for purposes of RTAC Rule 2(a)." <u>Narmore</u>, 112 Hawai'i at 71, n.4, 143 P.3d at 1273, n.4.

Although the supreme court noted that the "filing of a notice of appeal is mandatory for purposes of perfecting an appeal," it concluded that because "HRS § 232-17 [was] silent on the consequences of failing to file a copy of the notice of appeal in the assessor's office," Narmore, 112 Hawai'i at 82, 143 P.3d at 1284, the filing of the notice was merely directory, not mandatory, and such failure to file with the assessor's office did not divest the tax appeal court of jurisdiction. Id. at 82-83, 143 P.3d at 1284-85.

House Bill 1256 was introduced in the 2007 legislative session in part to address substantial rights of the State. See H. Stand. Comm. Rep. No. 565, in 2007 House Journal, at 1318 ("Your Committee finds that the absence of such timely notification may adversely affect the State's due process rights."). In the final legislative committee report, the legislature noted that "[t]he purpose of this measure is to clarify that the notice of an appeal to the Tax Appeal Court must be served on the Director of Taxation[4] . . . to properly confer jurisdiction over the appeal." S. Stand. Comm. Rep. No. 1551, in 2007 Senate Journal, at 1701.

The final draft, House Bill 1256, HD1, SD1, amended HRS § 232-17 to provide in relevant part:

> An appeal to the tax appeal court is properly commenced by the filing . . . of a written notice of appeal in the office of the tax appeal court within thirty days after the filing of the decision of the state board of review, . . . and service of the notice of appeal on the director of taxation[.]
>     . . . .
>
> An appeal shall be deemed to have been taken in time, and properly commenced, if the notice thereof . . . and the copy or copies of the notice shall have been deposited in the mail, postage prepaid, properly addressed to the tax

---

[4] The term "Director of Taxation" was added to HRS § 232-17, replacing the term "assessor." S. Stand. Comm. Rep. No. 1075, in 2007 Senate Journal, at 1512-13.

> appeal court [and] director of taxation . . . within the
> time period provided by this section.

2007 Haw. Sess. Laws Act 154, § 2 at 287-88.

The Director contends that notwithstanding the language of Rule 2(a), substantive changes made to HRS § 232-17 during the 2007 legislative session established that to confer jurisdiction over a tax appeal, a taxpayer must serve the Director with the notice of appeal.

We agree. According to the plain language of the amended statute, a taxpayer must file a notice of appeal in the tax appeal court <u>and</u> serve the Director with the notice of appeal to properly confer jurisdiction. Therefore, service of notice on the Director is now mandatory and jurisdictional, and the holding in <u>Narmore</u> no longer controls.

The Areggers also argue that "[t]he Judiciary says what the law is" and, because Rule 2(a) was not changed after the 2007 amendments, the Judiciary intended for the rules to "remain the same" and service on the Director is not jurisdictional, amendments notwithstanding. The Areggers are correct in noting that the language in Rule 2 no longer aligns with the statute. <u>See</u> RTAC Rule 2(a). However, where there is a conflict between a court rule and a statute, the statute is controlling. <u>In re Doe Children</u>, 94 Hawai'i 485, 486, 17 P.3d 217, 218 (2001). Article VI, § 7 of the Hawai'i Constitution provides that "[t]he supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law." However, pursuant to HRS § 602-11 (1993), "[s]uch rules shall not abridge, enlarge, or modify the substantive rights of any litigant, nor the jurisdiction of any of the courts, nor affect any statute of limitations."

7

The tax appeal court did not err when it granted the Director's Motion to Dismiss for lack of subject matter jurisdiction because the Areggers' Notice of Appeal was not timely served on the Director.

### III.

The "Order Granting Appellee Director of Taxation, State of Hawaii's Motion to Dismiss (Filed April 21, 2009)" filed on August 26, 2009 in the Tax Appeal Court is affirmed.

On the briefs:

Wing C. Ng
for Appellants-Appellants.

Hugh R. Jones
Kristie Cruz Chang
Deputy Attorneys General
for Appellee-Appellee.