**Electronically Filed
Supreme Court
SCEC-22-0000490
22-AUG-2022
10:46 AM
Dkt. 11 FFCL**

SCEC-22-0000490

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

KARL O. DICKS; JAMES RYAN MALISH; ROBERT SANTILLAN;
and CHARLOTTE ROSECRANS, Plaintiffs,

vs.

STATE OF HAWAIʻI OFFICE OF ELECTIONS, Defendant.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

On August 12, 2022, Plaintiffs Karl Orlando Dicks, James Ryan Malish, Robert Santillan, and Charlotte Rosecrans (collectively, Plaintiffs) submitted a document entitled "Election Complaint; Motion for Preliminary Injunction Rule 65 HRCP" (complaint), which was filed as an election contest complaint. On August 17, 2022, Defendant State of Hawaiʻi Office of Elections (Defendant) filed a memorandum in opposition. Upon consideration of the complaint and memorandum in opposition, and having heard this matter without oral argument, we enter the following findings of fact, conclusions of law, and judgment.

FINDINGS OF FACT

1. On August 12, 2022, the court received a document from Plaintiffs that was filed as an election contest complaint.

2. In the document, Plaintiffs assert that, based on an August 10, 2022 email received from Defendant, Defendant "failed to properly apply the qualification process, as per statute, upon the Hawaii Republican Party . . . for the year 2022 Primary Election." Plaintiffs assert that the Hawaiʻi Republican Party "should not have been placed on the 2022 Primary ballot, and should have been disqualified as an active party that is not in compliance and is not in good standing as a 'Party.'"

3. Plaintiffs request the following relief:

(a) The Hawaiʻi Republican Party name be barred from appearing on the 2022 general election ballot;

(b) Nullification of the 2022 primary election and results; and

(c) That this court "accommodate all Legally Qualified Candidates that have registered as 'Republicans'" by listing them as nonpartisan on the 2022 general election ballot.

4. Plaintiffs cite Hawaiʻi Revised Statutes (HRS) §§ 11-173.5 and 11-174.5 as conferring the court with jurisdiction over this matter.

5. Plaintiffs also cite to HRS §§ 11-63 through 11-65 and HRS §§ 12-2, 12-8, and 831-2, as well as the United States Constitution and Hawaiʻi Administrative Rules.

6. Defendant moved to dismiss the complaint for lack of jurisdiction.

CONCLUSIONS OF LAW

1. When reviewing a motion to dismiss a complaint for

2

lack of jurisdiction, the court's review "is based on the contents of the complaint, the allegations of which [the court] accept[s] as true and construe[s] in the light most favorable to the plaintiff.  Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Casumpang v. ILWU, Local 142, 94 Hawaiʻi 330, 337, 13 P.3d 1235, 1242 (2000) (quotation marks and citation omitted).

2.    When considering a motion to dismiss for lack of jurisdiction, the court need not accept conclusory or formulaic recitations on the legal effects of the events alleged.  Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013).

3.  HRS § 11-172 (Supp. 2021) governs election contests and provides in relevant part:  "With respect to any election, any candidate, or qualified political party directly interested, or any thirty voters of any election district, may file a complaint in the supreme court.  The complaint shall set forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results."

4.    HRS § 11-173.5 (2009 & Supp. 2021) provides for contest for cause to be filed in the supreme court involving primary elections, special primary elections, and county elections held concurrent with a regularly scheduled primary or special primary election.

5.    HRS § 11-174.5 (2009 & Supp. 2021) provides for

3

contests for cause to be filed in the supreme court involving general elections, special general elections, special elections, or runoff elections.

6. HRS § 602-5 (2016) sets forth the jurisdiction and powers of the supreme court.

7. HRS §§ 11-62 through 11-65 (2009) address political parties, which include qualification requirements and determinations of party disqualification.

8. HRS §§ 12-2 (Supp. 2010) and 12-8 (2009 & Supps. 2011, 2012) address when the primary election is to be held and candidates, as well as objections to nomination papers.

9. Taking Plaintiffs' allegations as true and viewing them in the light most favorable to them, Plaintiffs fail to demonstrate that this court has jurisdiction over their complaint or the relief they seek. See Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008) ("A complaint challenging the results of [a general] election pursuant to HRS § 11-172 fails to state a claim unless the plaintiffs demonstrate errors that would change the outcome of the election." (Quoting Akaka v. Yoshina, 84 Hawaiʻi 383, 387, 935 P.2d 98, 102 (1997))); Funakoshi v. King, 65 Haw. 312, 316, 651 P.2d 912, 914 (1982) ("By the omission of language providing for the invalidation of an election and the allowance of a new election in HRS § 11-173.5(b), the legislature clearly intended that the only remedy that could be given for primary election irregularities was the statutory remedy of having this Court decide which

4

candidate was nominated or elected.").

10. Barring the Hawaiʻi Republican Party name from appearing on the 2022 general election ballot, nullifying the 2022 primary election and results, and requiring all qualified candidates who have registered as Republicans to be listed as nonpartisan on the 2022 general election ballot are not remedies provided by HRS § 11-173.5(b) ("The judgment shall decide what candidate was nominated or elected[.]") or HRS § 11-174.5(b) ("The judgment may invalidate the general . . . election on the grounds that a correct result cannot be ascertained because of a mistake or fraud on the part of the voter service center officials; or decide that a certain candidate, or certain candidates, received a majority or plurality of votes cast and were elected.").

11. The complaint thus fails to state a claim upon which relief can be granted.

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the complaint.

DATED: Honolulu, Hawaiʻi, August 22, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

