**Electronically Filed
Supreme Court
SCEC-22-0000703
15-DEC-2022
08:44 AM
Dkt. 26 FFCL**

SCEC-22-0000703

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

RALPH S. CUSHNIE, along with more than
Thirty Voters, Plaintiffs,

vs.

SCOTT T. NAGO, personally and in his official capacity as
Chief Election Officer, Office of Elections, State of Hawaiʻi,
Defendant.

---

ORIGINAL PROCEEDING

<u>FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT</u>
(By: Nakayama, Acting C.J., McKenna, Wilson, Eddins JJ., and
Circuit Judge Remigio, in place of Recktenwald, C.J., recused)

On November 22, 2022, Plaintiffs Ralph S. Cushnie, along with more than Thirty Voters filed a complaint in this court entitled "Election Complaint pursuant to HRS § 11-172 and HRS § 11-174.5 and request for declaratory judgement pursuant to HRCP Rule 57" (complaint).  The named party Defendant is Scott T. Nago, personally and in his official capacity as Chief

Election Officer, Office of Elections, State of Hawai'i. On November 28, 2022, Defendant Scott T. Nago in his official capacity as the Chief Election Officer for the Office of Elections, State of Hawai'i (Office of Elections) filed a motion to dismiss the complaint for failure to state a claim or, in the alternative, for summary judgment. Subsequently, Plaintiffs and the Office of Elections filed further briefing and documents on the motion.

Upon consideration of the complaint and the documents attached, the motion to dismiss, and having heard this matter without oral argument, we enter the following findings of fact, conclusions of law, and enter judgment dismissing the complaint.

FINDINGS OF FACT

1. Plaintiffs are over thirty voters who reside in the representative district number 17 on the island of Kaua'i.

2. On November 22, 2022, Plaintiffs timely filed a complaint challenging the statewide elections results based on purported deficiencies in the audit practices of the Office of Elections.

3. The relief requested by the complaint is two-fold. First, Plaintiffs request a declaratory judgment that interprets HRS § 16-42 (2009). Second, in the alternative, Plaintiffs request the court invalidate the general election on the grounds that a correct result cannot be ascertained because of a mistake or fraud on the part of the precinct officials.

2

4. The complaint is devoid of any specific allegations as to how the audit procedure advocated by Plaintiffs would make any difference in the outcome of the election.

5. In addition to the claims outlined above, the complaint includes a claim for declaratory judgment against Defendant Scott T. Nago in his personal capacity.

6. On November 22, 2022, the return of service was filed to establish proof of service of the complaint and summons on "Scott T. Nago, in his official capacity only." To date, the Plaintiffs have not filed any return of service as to Defendant Scott Nago in his personal capacity.

7. The Office of Elections moved to dismiss the complaint for failure to state a claim upon which relief can be granted, in pertinent part, because the complaint lacks any specific allegations of errors, mistakes, or fraud that would change the outcome of the election result.

CONCLUSIONS OF LAW

1. Pursuant to Hawaiʻi Rules of Evidence Rule 202(b) (2016), the request for judicial notice of the Hawaiʻi laws cited in the complaint is granted.

2. The issuance of a declaratory judgment on the interpretation of HRS § 16-42 is not within the original jurisdiction of the supreme court. See HRS § 602-5 (2016). Therefore, this court is without original jurisdiction to consider the Plaintiffs' claim for declaratory judgment.

3

3.  An election contest is instituted by filing a complaint in the supreme court setting forth "any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results."  HRS § 11-172 (Supp. 2021).  "The complaint shall also set forth any reason for reversing, correcting, or changing the decisions of the voter service center officials or the officials at the counting center in an election using the electronic voting system."  Id.

4.  This court has held that a complaint challenging the results of an election pursuant to HRS § 11-172 fails to state a claim unless: (1) the plaintiffs demonstrate errors that would change the outcome of the election, Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008) (citing Akaka v. Yoshina, 84 Hawaiʻi 383, 387, 935 P.2d 98, 102 (1997)), or (2) the plaintiffs demonstrate that the correct result cannot be ascertained because of a mistake or fraud on the part of the precinct officials.  Akaka, 84 Hawaiʻi at 387, 935 P.2d at 102; see HRS § 11-174.5(b) (2009 & Supp. 2021).

5.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 258, 428 P.3d 761, 770 (2018) (citation omitted).

6.  "Our review is strictly limited to the allegations of the complaint, which we view in the light most favorable to the

4

plaintiff and deem to be true." Civ. Beat L. Ctr. for the Pub. Int., Inc. v. City & Cnty. of Honolulu, 144 Hawaiʻi 466, 474, 445 P.3d 47, 55 (2019) (citation and internal quotations omitted). However, "the court is not required to accept conclusory allegations on the legal effect of the events alleged." Id. (citation omitted).

7. Here, the complaint fails to allege any specific facts that the audit procedures requested would change the outcome of the election. And, Plaintiffs' belief and indefinite assertions that the requested audit could change the outcome of all statewide elections, by itself, is insufficient to state a claim under HRS §§ 11-172 and 11-174.5(b). See Hawaiʻi Rules of Civil Procedure Rule 9(b) (2000) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.").

8. Accordingly, Plaintiffs' claim that the general election results statewide should be invalidated fails to state a claim upon which relief can be granted. See Tataii, 119 Hawaiʻi at 339-40, 198 P.3d at 126-27 ("In the absence of facts showing that irregularities exceed the reported margin between the candidates, the complaint is legally insufficient because, even if its truth were assumed, the result of the election would not be affected.").

5

<u>JUDGMENT</u>

Based upon the foregoing findings of fact and conclusions of law, judgment is entered granting the motion to dismiss and dismissing the complaint as to all claims and parties.

Dated: Honolulu, Hawaiʻi, December 15, 2022.

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

/s/ Catherine H. Remigio

