**Electronically Filed
Supreme Court
SCEC-12-0000722
28-AUG-2012
02:14 PM**

NO. SCEC-12-0000722

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

"HOPE FOR PUNA" HOPE LOUISE CERMELJ, Non-Partisan
Candidate for the State House of Rep. Dist. 4, Plaintiff,

vs.

County Clerk, JAMAE K.K. KAWAUCHI, and
SCOTT NAGO, Chief Election Officer for the
State of Hawai'i, Defendants.

---

ORIGINAL PROCEEDING

<u>FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT</u>
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna and Pollack, JJ.)

We have considered the August 20, 2012 election complaint filed by Plaintiff Hope Louise Cermelj and the documents appended thereto and submitted in support thereof, and the August 24, 2012 motion to dismiss filed by Defendant Scott Nago. Having heard this matter without oral argument and in accordance with HRS § 11-173.5(b) (2009) (requiring the supreme court to "give judgment fully stating all findings of fact and of law"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

1. Plaintiff Hope Louise Cermelj ("Cermelj") was one of three candidates (two nonpartisan candidates and one democratic candidate; there was no republican candidate) running for the office of state representative, district 4 in the August 11, 2012 primary election.

2. The election results for the office of state representative, district 4 were:

NonPartisan Candidates
| | |
|---|---|
| Hope Louise Cermelj | 35 |
| Moke Stephens | 32 |
| Blank Votes | 26 |
| Over Votes | 0 |

Democratic Candidate
| | |
|---|---|
| Faye P. Hanohano | 3,373 |
| Blank Votes | 1,358 |
| Over Votes | 0 |

3. On August 20, 2012, Cermelj filed a complaint challenging the election results. Cermelj named Jamae K.K. Kawauchi ("Kawauchi"), the county clerk for the Island of Hawai'i, and Scott Nago ("Nago"), the chief election officer for the State of Hawai'i, as defendants.

4. Cermelj alleges that she "has been discriminated against by freedom of speech and freedom of the press in [her] non[]partis[]an run for State House, District 4."

5. Cermelj seeks judgment from this court ordering a recount of the votes received by Faye Hanahano, a recount of the blank votes received for the Democratic party, and a recount of the votes she and her opponent, Moke Stephens, received as the

2

nonpartisan candidates.

6. Defendant Nago moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

7. Kawauchi did not file a response and there is no indication in the record that she was served with the complaint and summons. A response from Kawauchi, however, is not necessary to the resolution of Cermelj's complaint.

CONCLUSIONS OF LAW

1. When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawai'i 318, 321, 132 P.3d 1229, 1232 (2006).

2. A complaint challenging the results of a primary election pursuant to HRS § 11-172 fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election. Tataii v. Cronin, 119 Hawai'i 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawai'i 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982); Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

3. A plaintiff challenging a primary election must

3

show that he or she has actual information of mistakes or errors sufficient to change the result. <u>Tataii v. Cronin</u>, 119 Hawai'i at 339, 198 P.3d at 126; <u>Akaka v. Yoshina</u>, 84 Hawai'i at 388, 935 P.2d at 103; <u>Funakoshi v. King</u>, 65 Haw. at 316-317, 651 P.2d at 915.

4.    An election contest cannot be based upon mere belief or indefinite information. <u>Tataii v. Cronin</u>, 119 Hawai'i at 339, 198 P.3d at 126; <u>Akaka v. Yoshina</u>, 84 Hawai'i at 387-388, 935 P.2d at 102-103.

5.    Taking Cermelj's allegations as true and viewing them in the light most favorable to her, it appears that Cermelj can prove no set of facts that would entitle her to relief inasmuch as Cermelj has failed to present specific acts or actual information of mistakes, error or irregularities sufficient to change the results of the election.

6.    Alleged discrimination of freedom of speech and freedom of the press does not amount to actual information of mistakes, errors or irregularities sufficient to change the primary election results for the office of state representative, district 4.

7.    According to HRS § 11-173.5(b), in a primary election challenge, the supreme court has authority to decide which candidate was nominated or elected. <u>Funakoshi v. King</u>, 65 Haw. at 316, 651 P.2d at 914.

8.    Under the circumstances of this case, Cermelj is not entitled to the remedy she seeks.

4

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the complaint. Because neither Hope Louise Cermelj nor Moke Stephens received the minimum votes required under HRS § 12-41(b) (2009) for nonpartisan candidates to advance to the November 6, 2012 general election, and there was no republican candidate, Faye Hanahano, the democratic candidate for the office of state representative, district 4, is deemed elected.

The clerk of the supreme court shall forthwith serve a certified copy of this judgment on the chief election officer in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawaiʻi, August 28, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

5