**Electronically Filed
Supreme Court
SCEC-12-0000725
31-AUG-2012
11:39 AM**

NO. SCEC-12-0000725

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

KALEIHIKINA "KALEI" AKAKA,
Plaintiff,

vs.

FRED HOUSEL; NICOLE LOWEN; BUCKY LESLIE;
SCOTT NAGO, Chief Election Officer; STATE OF HAWAIʻI
OFFICE OF ELECTIONS; JAMAE KAWAUCHI, County of Hawaiʻi Clerk;
OFFICE OF THE CLERK, HAWAIʻI COUNTY; and
NEIL ABERCROMBIE, Governor of the State of Hawaiʻi,
Defendants.

_____

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna and Pollack, JJ.)

We have considered (1) the August 21, 2012 election complaint filed by Plaintiff Kaleihikina "Kalei" Akaka, (2) the August 27, 2012 motion to dismiss filed by Defendants Scott Nago, Chief Election Officer, and Governor Neil Abercrombie, and the declaration and document appended thereto and submitted in support thereof, (3) the August 27, 2012 motion to dismiss filed by Defendants Jamae Kawauchi, County of Hawaiʻi Clerk, and the Office of the Clerk, Hawaiʻi County, and (4) the August 28, 2012

joinder filed by Defendant Nicole Lowen. Having considered this matter without oral argument and in accordance with HRS § 11-173.5(b) (2009) (requiring the supreme court to "give judgment fully stating all findings of fact and of law"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

FINDINGS OF FACT

1. Defendant Kaleihikina "Kalei" Akaka ("Akaka") was one of four Democratic Party candidates running for the office of state representative, district 6, in the August 11, 2012 primary election.

2. The election results for the Democratic Party race for the office of state representative, district 6 were:

| | |
|---|---|
| Nicole Lowen | 1,067 (30.2%) |
| Kalei Akaka | 1,022 (29.0%) |
| Bucky Leslie | 734 (20.8%) |
| Fred Housel | 461 (13.1%) |
| Blank Votes | 243 ( 6.9%) |
| Over Votes | 2 ( 0.1%) |

3. On August 11, 2012, Governor Neil Abercrombie ("Governor Abercrombie") issued an Election Proclamation extending the polling hours for the County of Hawaiʻi until 7:30 p.m. pursuant to Hawaiʻi Revised Statutes ("HRS") § 128-10(6), instead of HRS § 128-9(6).

4. Akaka challenged the election results by filing a complaint in this court on August 21, 2012. Akaka named Fred Housel ("Housel"), Nicole Lowen ("Lowen") and Bucky Leslie

-2-

("Leslie"), her Democratic Party opponents, as defendants. She also named Scott Nago ("Nago"), the Chief Election Officer for the State of Hawai'i, Governor Abercrombie, Jamae Kawauchi ("Kawauchi"), the County Clerk for the County of Hawai'i, and the Office of the Clerk, Hawai'i County ("Hawai'i County Clerk's Office"), as defendants.

5. The complaint alleges that (a) Governor Abercrombie lacked authority under HRS § 128-10(6) to extend the polling hours, (b) the ballots for district 6 were "miscounted . . . or otherwise mishandled" by the Office of Elections, the Chief Election Officer, the Hawai'i County Clerk's Office, and the Hawai'i County Clerk, and (c) the late opening of the polls contributed to "massive voting conduct irregularities[,] which resulted in the wrongful extension of the statutory hours of voting which then caused invalid ballots and votes to be cast and inextricably intermingled with valid ballots and votes cast." Akaka contends that the claimed events could cause or could have caused a difference in the election results.

6. Akaka seeks judgment from this court (a) ordering a new Democratic Party election for the office of state representative, district 6, (b) ordering a manual recount of the ballots for the office of state representative, district 6, and (c) ordering payment of her attorneys' fees.

7. Defendants Nago and Governor Abercrombie moved to

-3-

dismiss the complaint as untimely and for failure to state a claim upon which relief can be granted.

8. Defendants Kawauchi and the Hawaiʻi County Clerk's Office also moved to dismiss the complaint as untimely and for failure to state a claim upon which relief can be granted.

9. Defendant Lowen joined in the motions filed by Nago, Governor Abercrombie, Kawauchi and the Hawaiʻi County Clerk's Office

10. Neither Defendants Housel nor Leslie have filed responses and there is no indication in the record demonstrating that they were served with the complaint and summons. Responses from Housel and Leslie, however, are not necessary to the resolution of Akaka's complaint.

CONCLUSIONS OF LAW

I.

1. HRS § 11-173.5(a) (2009) provides that a complaint challenging a primary election "shall be filed in the office of the clerk of the supreme court not later than 4:30 p.m. on the sixth day after a primary [] election[.]"

2. "'Where the language of a statute is plain and unambiguous that a specific time provision must be met, it is mandatory and not merely directory.'" Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008) (quoting Coon v. City

-4-

and County of Honolulu, 98 Hawai'i 233, 255, 47 P.3d 348, 370 (2002)).

3.     "'In determining whether a statute is mandatory or directory, the intent of the legislature must be ascertained.'" Tataii v. Cronin, 119 Hawai'i at 339, 198 P.3d at 126 (quoting State v. Himuro, 70 Haw. 103, 105, 761 P.2d 1148, 1149 (1988)).

4.     The "sixth day" provision of HRS § 11-173.5(a) is mandatory and this construction is consistent with the legislature's objective to enable the State of Hawai'i Office of Elections to expeditiously administer elections. See Sen. Conf. Comm. Rep. No. 17-74, 1974 Senate Journal at 770.

5.     HRS § 1-29, which governs the computation of time for any acts prescribed by law, such as HRS § 11-173.5, provides:

> The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a Sunday or holiday and then it is also excluded.  When so provided by the rules of court, the last day also shall be excluded if it is a Saturday.

6.     Hawai'i Rules of Appellate Procedure ("HRAP") Rule 26(a) provides:

> In computing any period of time prescribed by these rules, an order of court, or any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, a Sunday, or a legal holiday.  When the period of time prescribed or allowed is less than 7 days, any intervening Saturday, Sunday, or legal holiday shall be excluded in the computation.

7.     Under HRS § 602-11 (1993), the court is

empowered to promulgate court rules, but it does not have the power to make rules that "abridge, enlarge, or modify [. . .] the jurisdiction of any of the courts, nor affect any statute of limitations."

8. Therefore, HRAP Rule 26(a)'s "less than 7 days" language does not extend the filing deadline under HRS § 11-173.5 and the deadline for filing an election challenge was Monday, August 20, 2012. Akaka's complaint is untimely.

II.

9. Even if Akaka had timely filed her complaint, it fails to state claims upon which relief can be granted.

10. When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawai'i 318, 321, 132 P.3d 1229, 1232 (2006).

11. A complaint challenging the results of a primary election pursuant to HRS § 11-172 fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election. Tataii v. Cronin,

119 Hawai'i at 339, 198 P.3d at 126; Akaka v. Yoshina, 84 Hawai'i 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982); Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

12. A plaintiff challenging a primary election must show that he or she has actual information of mistakes or errors sufficient to change the result. Tataii v. Cronin, 119 Hawai'i at 339, 198 P.3d at 126; Akaka v. Yoshina, 84 Hawai'i at 388, 935 P.2d at 103; Funakoshi v. King, 65 Haw. at 316-317, 651 P.2d at 915.

13. An election contest cannot be based upon mere belief or indefinite information. Tataii v. Cronin, 119 Hawai'i at 339, 198 P.3d at 126; Akaka v. Yoshina, 84 Hawai'i at 387-388, 935 P.2d at 102-103.

14. Taking Akaka's allegations as true and viewing them in the light most favorable to her, it appears that Akaka can prove no set of facts that would entitle her to relief because Akaka has failed to present specific acts or actual information of mistakes, error or irregularities sufficient to change the results of the election.

15. The Election Proclamation's typographical error in referring to HRS § 128-10(6) is harmless because the Governor has authority to extend voting hours in emergency situations pursuant to HRS § 128-9(6), and this does not amount to actual information

-7-

of mistakes, errors or irregularities sufficient to change the primary election results for the office of state representative, district 6.

16. Moreover, allegations that (a) miscounting of votes due to a discrepancy in the number of ballots, and (b) the late opening of the polls, which resulted in the governor extending the voting hours and campaigns contacting supporters, many of whom were "likely supporters of [defendant] Lowen rather than [plaintiff] Akaka" and urging them to vote, all of which could have caused a difference in the election results, do not amount to actual information of mistakes, errors or irregularities sufficient to change the primary election results for the office of state representative, district 6.

17. According to HRS § 11-173.5(b), in a primary election challenge, the supreme court has authority to decide which candidate was nominated or elected. Funakoshi v. King, 65 Haw. at 316, 651 P.2d at 914.

18. Under the circumstances of this case, Akaka is not entitled to the remedy she seeks.

### JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the complaint. Nicole Lowen received the highest number of votes in the Democratic Party race for the office of state representative,

district 6 in the primary election and shall advance to the general election.

The clerk of the supreme court shall forthwith serve a certified copy of this judgment on the chief election officer and the county clerk in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawai'i, August 31, 2012

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack