**Electronically Filed
Supreme Court
SCEC-14-0001072
28-AUG-2014
11:34 AM**

SCEC-14-0001072

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

NELSON NAHINU WAIKIKI, JR., Plaintiff,

vs.

SCOTT NAGO, Chief Election Officer, Defendant.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

        We have considered the August 22, 2014 election complaint filed by Plaintiff Nelson N. Waikiki, Jr. and the August 26, 2014 motion to dismiss filed by Defendant Scott Nago, Chief Election Officer for the State of Hawaiʻi.  Having heard this matter without oral argument and in accordance with HRS § 11-173.5(b) (2009) (requiring the supreme court to "give judgment fully stating all findings of fact and of law"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

FINDINGS OF FACT

        1.  Plaintiff Nelson N. Waikiki, Jr. ("Waikiki") was one of seven candidates for the Maui County Mayoral seat in the

August 9, 2014 special primary election.

2. The election results for the Maui Mayoral seat were:

| | | |
|---|---:|---|
| Alan M. Arakawa | 17,980 | (63.5%) |
| Tamara (Tam) Paltin | 3,405 | (12.0%) |
| Alana Kay | 1,398 | (4.9%) |
| Nelson Nahinu Waikiki, Jr. | 818 | (2.9%) |
| Nelson E. (AZD) Mamuad | 724 | (2.6%) |
| Orion (Ori) Kopelman | 709 | (2.5%) |
| Beau E. Hawkes | 380 | (1.3%) |

3. Alan Arakawa and Tamara Paltin are the two candidates who received the highest number of votes.

4. On August 22, 2014, the court received a one-page letter from Waikiki.

5. Waikiki appears to be contesting the results of election for the Maui County mayoral race. The subject of the letter is titled "Re: Elections - Complainant Nelson N. Waikiki, Jr. Maui Mayoral Candidate." In the letter, Waikiki states that there has been "non-compliance, possible conspiracy, and corruption by election officials" and that a "breakdown in the system has occurred." He further states that he "believe[s] that the Governor's office, the AG, the Maui Mayor's office and the Elections Office conspired and corrupted the rights and trust of the people of Hawai'i." He believes that the voters "have been taken advantaged [and] bullied" due to 800 "misplaced" votes.

6. Waikiki requests a re-vote or a re-count.

7. Defendant Nago moved to dismiss the complaint as untimely and for failure to state a claim upon which relief can be granted.

2

1.   The complaint fails to state claims upon which relief can be granted.

2.   When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief.  AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawai‘i 318, 321, 132 P.3d 1229, 1232 (2006).

3.   A complaint contesting the results of a special primary election fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election.  See HRS § 11-172 (2009); Tataii v. Cronin, 119 Hawai‘i 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawai‘i 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982); Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

4.   A plaintiff contesting a special primary election must show that he or she has actual information of mistakes or errors sufficient to change the result.  Tataii, 119 Hawai‘i at 339, 198 P.3d at 126; Akaka, 84 Hawai‘i at 388, 935 P.2d at 103; Funakoshi, 65 Haw. at 316-317, 651 P.2d at 915.

5.   An election contest cannot be based upon mere

3

belief or indefinite information. Tataii, 119 Hawaiʻi at 339, 198 P.3d at 126; Akaka, 84 Hawaiʻi at 387-388, 935 P.2d at 102-103.

6.   Taking Waikiki's allegations as true and viewing them in the light most favorable to him, it appears that Waikiki can prove no set of facts that would entitle him to relief inasmuch as Waikiki fails to present specific acts or "actual information of mistakes or error sufficient to change the results of the election."

7.   In a special primary election challenge, HRS § 11-73.5(b) (2009) authorizes the supreme court to "decide what candidate was nominated or elected."

8.   The remedy provided by HRS § 11-173.5(b) of having the court decide which candidate was nominated or elected is the only remedy that can be given for primary election irregularities challenged pursuant to HRS § 11-173.5. Funakoshi v. King, 65 Haw. at 316, 651 P.2d at 914.

9.   None of the remedies sought by Waikiki are authorized by HRS § 11-173.5(b).

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the complaint. Alan M. Arakawa and Tamara (Tam) Paltin are the two candidates who received the highest number of votes and will appear on the ballot in the second special election pursuant to art. 7, § 7-2 of the Maui County Charter.

4

The clerk of the supreme court shall process the election contest without payment of the filing fee.

The clerk of the supreme court shall also forthwith serve a certified copy of this judgment on the chief election officer in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawai'i, August 28, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



5