**Electronically Filed**
**Supreme Court**
**SCEC-20-0000505**
**18-AUG-2020**
**11:21 AM**

SCEC-20-0000505

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

KARL O. DICKS, Plaintiff,

vs.

STATE OF HAWAIʻI, OFFICE OF ELECTIONS, Defendant.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Circuit Judge Toʻotoʻo, assigned by reason of vacancy)

We have considered the August 10, 2020 election complaint filed by Plaintiff Karl O. Dicks and the August 14, 2020 motion to dismiss filed by Defendant State of Hawaiʻi, Office of Elections.  Having heard this matter without oral argument and in accordance with HRS § 11-173.5(b) (requiring the supreme court to "give judgment fully stating all findings of fact and of law"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

FINDINGS OF FACT

1.  Plaintiff Karl O. Dicks ("Dicks") was one of fifteen candidates for the City and County of Honolulu mayoral seat in the August 8, 2020 primary election.

2.	According to the primary election summary printout, the election results for the City and County of Honolulu mayoral seat were:

| | | |
|---|---|---|
| Rick Blangiardi | 69,510 | (25.3%) |
| Keith Amemiya | 55,002 | (20.0%) |
| Colleen Hanabusa | 50,120 | (18.2%) |
| Kym Marcos Pine | 40,008 | (14.5%) |
| Mufi Hannemann | 26,975 | ( 9.8%) |
| William (Bud) Stonebraker | 17,710 | ( 6.4%) |
| Choon James | 5,520 | ( 2.0%) |
| John Carroll | 2,005 | ( 0.7%) |
| Ho Yin (Jason) Wong | 1,434 | ( 0.5%) |
| Ernest Caravalho | 1,136 | ( 0.4%) |
| Audrey Keesing | 822 | ( 0.3%) |
| Micah Laakea Mussell | 538 | ( 0.2%) |
| David (Duke) Bourgoin | 367 | ( 0.1%) |
| Karl O. Dicks | 358 | ( 0.1%) |
| Tim Garry | 311 | ( 0.1%) |
| Blank Votes | 3,046 | ( 1.1%) |
| Over Votes | 249 | ( 0.1%) |

3.	Rick Blangiardi and Keith Amemiya received the highest number of votes.

4.	On August 10, 2020, Dicks filed a document entitled "Notice of Appeal" in which he seeks to "object" and "protest" the results of the 2020 primary election.  Dicks alleges, among other things, that there were "multiple irregularities" with the primary election, because it was "poorly planned," "poorly managed," and there was a "lack of proper security for ballots."

5.	Dicks asks this court to nullify the results of the primary election and allow all candidates who choose to continue to the November general election to have their names appear on the ballot.

2

6. Defendant State of Hawaiʻi, Office of Elections Nago moves to dismiss the complaint on the grounds that the complaint does not fall within this court's jurisdiction for original proceedings to determine the results of a primary election and fails to state a claim upon which relief can be granted.

CONCLUSIONS OF LAW

1. HRS § 11-172 provides that a copy of the complaint for an election contest "shall be delivered to the chief election officer or the clerk in the case of county elections."

2. An election for mayor for the City and County of Honolulu is a county election administered by the city clerk for the City and County of Honolulu. The city clerk for the City and County of Honolulu, therefore, is a necessary and indispensable party who should have been named as a defendant and served with a copy of the complaint. The record, however, is devoid of any evidence that the city clerk for the City and County of Honolulu was named a defendant or served with a copy of the complaint and summons.

3. Even if the city clerk for the City and County of Honolulu was named or joined as a defendant and served with a copy of the complaint, the complaint fails to state claims upon which relief can be granted.

4. When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept the plaintiff's allegations as true and view

3

them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawaiʻi 318, 321, 132 P.3d 1229, 1232 (2006).

5.    A complaint challenging the results of a primary election, special primary election, or county election fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election. See HRS § 11-172 (2009); Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawaiʻi 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982); Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

6.    A plaintiff contesting such an election must show that he or she has actual information of mistakes or errors sufficient to change the result. Tataii, 119 Hawaiʻi at 339, 198 P.3d at 126; Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103; Funakoshi, 65 Haw. at 316-317, 651 P.2d at 915.

7.    It is not sufficient for a plaintiff challenging an election to allege a poorly run and inadequately supervised election process that evinces room for abuse or possibilities of fraud. An election contest cannot be based upon mere belief or indefinite information. Tataii v. Cronin, 119 Hawaiʻi at 339, 198 P.3d at 126; Akaka v. Yoshina, 84 Hawaiʻi at 387-388, 935 P.2d at 102-103.

4

8. Taking Dicks's allegations as true and viewing them in the light most favorable to him, it appears that Dicks can prove no set of facts that would entitle him to relief. Dicks does not present specific acts or "actual information of mistakes or error sufficient to change the results of the election."

9. In a primary election, special primary election, or county election challenge, HRS § 11-173.5(b) authorizes the supreme court to "decide what candidate was nominated or elected."

10. The remedy provided by HRS § 11-173.5(b) of having the court decide which candidate was nominated or elected is the only remedy that can be given for primary election irregularities challenged pursuant to HRS § 11-173.5. Funakoshi v. King, 65 Haw. at 316, 651 P.2d at 914.

11. None of the remedies requested by Dicks are authorized by HRS § 11-173.5(b).

## JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, the judgment is entered dismissing the complaint. Rick Blangiardi and Keith Amemiya are the two candidates who received the highest number of votes, and their names shall be placed on the ballot for the November 2020 general election.

The clerk of the supreme court shall also forthwith serve a certified copy of this judgment on the chief election

5

officer and the county clerk of the City and County of Honolulu in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawaiʻi, August 18, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna



/s/ Michael D. Wilson

/s/ Faʻauuga Toʻotoʻo