WALTER LEWIS, STANLEY E. DORAN, JOYCE H. DOTY, ROBERT JR. ORLIK, FERNE V. ORLIK, BERYL BLAICH, LLEWELLAN N. ZABLAN, JANICE E. ELLIS, JOHN FLEDDERMAN, MURIEL M. HEYN, MARIE CA LEMKE, JOHN F. BARRETTO, JR., RONALD T. WEAKLEY, LOUIS E. ABRAMS, ROBERT B. WRIGHT, ROY B. POWELL, RICHARD B. JACOBSEN, RICHARD H. SCHULZ, BERNARD R. MAGNANT, DENNIS S. NIMKIE, DORSEY DARWIN, DAVE VAUGHN, JIM HAEVERS, MIKE HAEVERS, JOHN McCLURE, DAPHNE McCLURE, NORMAN ROSS, RAYMOND CHUAN, HELENA SANTOS, BYRON FEARS, DOROTHY FEARS, GEORGE ANDERSON, JR., Plaintiffs, v. BENJAMIN J. CAYETANO, Lieutenant Governor, State Of Hawaii, JEROME Y. K. HEW, County Clerk, County Of Kauai, COUNTY OF KAUAI, Defendants

No. 14957

JANUARY 14, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

**500**

OPINION OF THE COURT BY WAKATSUKI, J.

The Kauai County Council adopted two separate resolutions proposing amendments to the County Charter. Resolution 98 proposed amending the Charter to provide for two Council members to be elected at–large and five members to be elected from separate council districts by eligible voters residing in each separate council district (Proposal 4). Under Resolution 111, four Council members would be elected at–large and three would be elected by voters residing in each of three districts (Proposal 5).

The resolutions were adopted separately, and each directed the County Clerk to include the proposed amendments on the 1990 General Election ballot. Recognizing that the two proposals were contradictory, the County Clerk determined that the proposals

would be put to the electorate as a choice between Proposal 4 and Proposal 5, or the voter could reject both proposals. In pertinent part, the ballot read as follows:

> COUNCIL DISTRICTING. *VOTE ON ONLY ONE* OF THE FOLLOWING PROPOSALS. (If the majority of voters voting do not approve of either proposal, the existing at–large system shall remain in effect.)
>
> VOTE ON 4 *OR* 5
>
> 4 [Proposal 4]
>
> Yes _____
> No _____
>
> OR
>
> 5 [Proposal 5]
>
> Yes _____
> No _____

The form of the ballot and the text of the proposals were published in The Garden Island, a newspaper of general circulation on the island of Kauai, on October 5, 1990. On that same day and until the day of the general election on November 6, 1990, a facsimile ballot was available for public inspection at the Office of the County Clerk.

Stanley Doran, one of the plaintiffs in this case, opined that the manner of combining the two proposals on the ballot was improper. Prior to the election, he stated his objections to the County Clerk. He also apprised Lieutenant Governor Cayetano, chief elections officer of the state, of the matter in a letter dated October 19, 1990. Although he did not receive a satisfactory response from either the County Clerk or the Lieutenant Governor, Doran did not seek relief in the courts.

The election proceeded with the ballot questions in the form noted above. The results were:

| | |
|---|---|
| Proposal 4: | 3,528 yes votes |
| | 2,252 no votes |
| Proposal 5: | 1,566 yes votes |
| | 874 no votes |
| Blank votes: | 5,349 |
| Over votes: | 7,966 |

In tallying the votes, the County Clerk determined that 16,216 voters had voted on Proposals 4 and 5. This figure represents all yes and no votes on both proposals plus the overvotes (ballots wherein more than one vote was cast on Proposals 4 and 5). Passage of a charter amendment requires a majority of all votes cast on the question. Therefore, 8,109 yes votes were required for either proposal to pass. Since neither Proposal 4 nor Proposal 5 received a sufficient number of yes votes, the County Clerk declared that both proposals had failed to pass.

The plaintiffs are voters in the County of Kauai. They contend that the County Clerk had no authority to combine Proposals 4 and 5 into a single choice given to voters. Rather, voters should have been allowed to vote on both proposals separately. Plaintiffs also assert as error the County Clerk's inclusion of the overvotes in tallying the total number of votes cast on the question.

Plaintiffs ask this court to order a special election at which Proposals 4 and 5 are put to the voters separately. Alternatively, they ask for a declaration that both Proposals 4 and 5, having received more "yes" than "no" votes, have passed, and that Proposal 4, which had the greater number of "yes" votes take effect according to its terms.

We hold that the doctrine of laches bars plaintiffs' obtaining relief. Therefore, we do not decide whether the County Clerk erred in formulating the ballot.

## I.

The general rule is that if there has been opportunity to correct any irregularities in the election process or in the

ballot prior to the election itself, plaintiffs will not, in the absence of fraud or major misconduct, be heard to complain of them afterward.

*Thirty Voters v. Doi*, 61 Haw. 179, 181, 599 P.2d 286, 288 (1979).

In *Thirty Voters v. Doi*, the plaintiffs, after the election, challenged the wording used on the ballot with regard to an initiative proposal which failed to pass. This court noted that the plaintiffs had at least constructive notice of the ballot form for a month prior to the election. Plaintiffs' failure to act to correct any errors prior to the election barred them from obtaining relief after the election.

The same situation exists in this case. Between October 5, 1990 and November 6, 1990, plaintiffs had notice of the form of the ballot. At least one plaintiff, by October 19, 1990, was aware of the objectionable nature of the ballot form. As in *Thirty Voters v. Doi*, plaintiffs here had ample time to challenge the irregularities they perceived.

Plaintiffs attempt to distinguish this case from *Thirty Voters v. Doi* by the fact that prior to the election, objections had been lodged with both the County Clerk and the Lieutenant Governor. The distinction is irrelevant.

We apply the doctrine of laches in cases such as this and *Thirty Voters v. Doi* because efficient use of public resources demand that we not allow persons to gamble on the outcome of the election contest then challenge it when dissatisfied with the results, especially when the same challenge could have been made before the public is put through the time and expense of the entire election process.

Merely notifying elections officials of irregularities is not sufficient. When it appears that the alleged irregularities will not be corrected by elections officials, plaintiffs have an obligation to file an action in the "circuit courts [which] have the power to prevent use of a ballot not in conformity with the law and to compel officials to prepare and distribute proper ballots." *Johnston v. Ing*, 50

Haw. 379, 382, 441 P.2d 138, 140 (1968). When opportunity exists to bring such action prior to the election and plaintiffs fail to do so, they will not be heard to complain afterwards.

## II.

The form of the ballot could have been objected to prior to the election. However, the plaintiffs had no prior notice of the manner in which the County Clerk would count the votes. Therefore, plaintiffs' contention that the County Clerk was not authorized to include overvotes in determining the total number of votes cast on the question is not barred by laches.

We nevertheless decline to determine the merits of this issue. Even if we accept plaintiffs' contention, the election results would not have changed. By excluding the overvotes, as plaintiffs contend we must, the total number of votes cast on the question which required voters to choose Proposal 4 or Proposal 5, or neither of them, is 8,220. For any one of the proposals to pass, 4,111 votes would have to be garnered. Neither of the proposals garnered the required number of votes. Plaintiffs, therefore, would not be entitled to relief. *See Funakoshi v. King*, 65 Haw. 312, 651 P.2d 912 (1982).

Based on the foregoing, Plaintiffs' complaint is dismissed.

*Patrick Childs (Bradford N. Dewan* with him on the briefs) for plaintiffs.

*Michael Greenberg*, Deputy County Attorney, County of Kauai, for Defendants Jerome Y. K. Hew and County of Kauai.

*Charleen M. Aina (Patricia Green Riley*, with her on the brief). Deputy Attorneys General, for Defendant Benjamin J. Cayetano, Lieutenant Governor, State of Hawaii.