**Electronically Filed
Supreme Court
SCEC-22-0000682
23-DEC-2022
11:26 AM
Dkt. 16 FFCL**

SCEC-22-0000682

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

JAMES RYAN MALISH and KARL O. DICKS, Plaintiffs,

vs.

SCOTT NAGO, acting in official capacity of Chief Election
Officer, STATE OF HAWAIʻI OFFICE OF ELECTIONS,
and ELECTIONS COMMISSION, Defendants.

_____

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of the election complaint filed on November 4, 2022, the motion to dismiss filed on November 9, 2022, and the record, we enter the following findings of fact, conclusions of law, and judgment dismissing the complaint.

FINDINGS OF FACT

1.    The 2022 primary election was held on August 13, 2022.

2. Plaintiff Karl O. Dicks (Dicks) was an unsuccessful Republican candidate for the office of State Senator, District 17.

3. Plaintiff James Ryan Malish (Malish) was the only nonpartisan candidate in the primary election for the office of State Senator, District 9.

4. Stanley Chang (Chang) and Michael L. Parrish (Parrish) were the only Democrat and Republican candidates, respectively, in the primary election for the office of State Senator, District 9.

5. There were no other candidates in the primary election for the office of State Senator, District 9.

6. There were a total 13,766 votes cast for the State Senator, District 9, primary election race, the results of which were:

```
Chang              11,550
Parrish             2,183
Malish                 33
```

7. Both Chang and Parrish were on the 2022 general election ballot, but Malish was not.

8. Defendant Chief Election Officer Scott Nago (Nago) states Malish did not qualify to be a candidate for the 2022 general election because Malish did not receive at least ten per cent of the total votes cast in the primary election for the office of State Senator, District 9, or 1,377 votes.

2

9. Nago also states Malish did not receive an amount of votes equal to the lowest amount of votes received by a partisan candidate who was nominated in the primary election for the same office.

10. On November 4, 2022, or four days before the November 8 general election, Malish and Dicks (collectively, Plaintiffs), pro se, filed an election complaint asserting that the primary election ballot violates article II, section 4 of the Hawaiʻi Constitution and Hawaiʻi Revised Statutes (HRS) § 12-31 (2009) because the ballot requires selection of a political preference, and the manner in which the primary election ballot displays a nonpartisan candidate could also be construed to require declaration of a political preference when selecting a nonpartisan ballot. Plaintiffs assert that the manner that nonpartisan candidates are displayed on the primary election ballot, which includes the designation (N), gives the appearance that nonpartisan candidates are a part of a political party because Democrat and Republican candidates are visually grouped together similarly as nonpartisan candidates and are designated as (D) and (R), respectively.

11. Plaintiffs also assert that Malish should have been included in the 2022 general election ballot because he was unopposed as a nonpartisan candidate. Because Malish was excluded from the general election ballot for the State Senator,

3

District 9 race, but Chang and Parrish were included, Plaintiffs assert that HRS § 12-41(b) (2009) should not apply and is otherwise discriminatory. In support, Plaintiffs assert that HRS § 12-41(b) should be read in conjunction with HRS § 12-42(b) (2009) to discern the "spirit of statute" such that unopposed candidates in a primary election should all move forward to the general election, including nonpartisan candidates.

12. Dicks contends he has an interest in this election contest because of his candidacy in the Republican primary election for the office of State Senator, District 17, and asserts that the primary election ballot is unconstitutional.

13. Plaintiffs request that this court order a special election to be held with a constitutionally compliant ballot, without discrimination of any kind, and include all qualified candidates on the 2022 primary election ballot. Plaintiffs cite to Waters v. Nago, 148 Hawaiʻi 46, 468 P.3d 60 (2019), as support for the relief they seek.

14. Plaintiffs also request a "Declaratory Judgment of Facts" pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 57, judicial notice of adjudicative facts pursuant to Hawaiʻi Rules of Evidence (HRE) Rule 201, questions for admission to be answered pursuant to HRCP Rule 36, and oral argument pursuant to Hawaiʻi Rules of Appellate Procedure Rule 36(c).

4

15. In connection with their request for a declaratory judgment, Plaintiffs seek a declaration that the voting instructions on the 2022 primary election ballot violate article II, section 4 of the Hawaiʻi Constitution and HRS § 12-31 (2009). The disputed instruction says: "You MUST select ONE political preference from the box above for your votes to count."

16. On November 9, 2022, Defendants Nago, State of Hawaiʻi Office of Elections, and the Elections Commission (collectively, Defendants) filed a motion to dismiss the complaint, asserting: (1) This court lacks jurisdiction over Plaintiffs' primary election contest; (2) Dicks lacks standing to contest the results of Malish's primary election; (3) the assertion that the primary election ballot design is unconstitutional should be dismissed; and (4) Malish was properly omitted from the 2022 general election ballot.

17. Defendants assert that HRS § 11-172 (Supp. 2021) confers standing upon a candidate to timely contest the candidate's own race - HRS § 11-172 does not confer standing on a candidate to contest all concurrent and future federal, State, and county races.

18. On November 14, 2022, this court filed an order dismissing the election complaint in part, or to the extent that relief is sought under HRS § 11-173.5 (2009 & Supp. 2021). The

5

order said that this court will instead construe the complaint as a general election contest.

CONCLUSIONS OF LAW

1. An election contest is instituted by filing a complaint in the supreme court "set[ting] forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results." HRS § 11-172.

2. "With respect to any election, any candidate, or qualified political party directly interested, or any thirty voters of any election district, may file a complaint in the supreme court." HRS § 11-172.

3. In Hawaiʻi state courts, "standing is solely an issue of justiciability, arising out of prudential concerns of judicial self-governance[,]" and not an issue of subject matter jurisdiction. Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 190-92, 439 P.3d 127, 142-44 (2019).

> Our guideposts for the application of the rules of judicial self-governance founded in concern about the proper — and properly limited — role of courts in a democratic society reflect the precepts enunciated by the Supreme Court. . . . [W]hen asked to decide whether a litigant is asserting legally recognized interests, personal and peculiar to him, we have spoken of standing[.]

Id. at 190-91, 439 P.3d at 142-43 (quoting Trs. of Off. of Hawaiian Affairs v. Yamasaki, 69 Haw. 154, 171, 737 P.2d 446, 456 (1987)) (emphases omitted).

6

4.    In Thirty Voters of Kauai County v. Doi, this court held that "the electorate as a whole has sufficient interest in the outcome of these proceedings to confer standing upon it as a party plaintiff."  61 Haw. 179, 181, 599 P.2d 286, 288 (1979).  The plaintiffs in Doi sought to set aside the results of a specific question posed to voters in the ballot of the November 7, 1978 election.  Id. at 179-84, 599 P.2d at 287-90.  The plaintiffs did not seek to set aside the results of an entire election.  See id.

5.    In this election contest, Dicks does not have standing to contest Malish's absence from the general election ballot.  See Doi, 61 Haw. at 181, 599 P.2d at 288.

6.    Dicks and Malish do not have standing to contest the results of all election races in the 2022 general election in order for a special election to be held.  See Doi, 61 Haw. at 181, 599 P.2d at 288.

7.    We instead read the election complaint as requesting a special election be held with a satisfactory ballot and in connection with the office that Malish sought in the 2022 primary election.

8.    In a general election contest, this court's "judgment may invalidate the general . . . election on the grounds that a correct result cannot be ascertained because of a mistake or fraud on the part of the voter service center

7

officials; or decide that a certain candidate, or certain candidates, received a majority or plurality of votes cast and were elected." HRS § 11-174.5(b) (2009 & Supp. 2021).

9. "A complaint challenging the results of [a general] election pursuant to HRS § 11-172 fails to state a claim unless the plaintiffs demonstrate errors that would change the outcome of the election" -- e.g., errors, mistakes, or irregularities that would change the outcome of the election. Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008) (brackets in original) (quoting Akaka v. Yoshina, 84 Hawaiʻi 383, 387, 935 P.2d 98, 102 (1997)).

> [T]he [plaintiff] must show that he or she has actual information of mistakes or errors sufficient to change the result. The [plaintiff] has the burden of demonstrating that the specific acts and conduct of which [he or she] complain[s] would have had the effect of changing the results. In the absence of facts showing that irregularities exceed the reported margin between the candidates, the complaint is legally insufficient because, even if its truth were assumed, the result of the election would not be affected.
>
> . . . .
>
> It is not sufficient that the [plaintiff] points to a poorly run and inadequately supervised election process that evinces room for abuse or possibilities of fraud. An election contest cannot be based upon mere belief or indefinite information.

Tataii, 119 Hawaiʻi at 339-40, 198 P.3d at 126-27 (quoting Akaka, 84 Hawaiʻi at 387-88, 935 P.2d at 102-03).

10. In Waters, this court invalidated the results of a City and County of Honolulu second special election between

8

Thomas Waters and Trevor Ozawa for the District IV city councilmember seat. Pursuant to HRS § 11-174.5(b), this court found and concluded there were 350 absentee ballots that were "invalidly received" and "potentially altered the election results" for this seat because "the difference in the number of votes between Waters and Ozawa was 22 votes," and the City Clerk had counted 350 ballots for Council District IV that were received by the City Clerk after the 6:00 p.m. deadline established by the then-existing version of HRS § 15-9(a).[1] Waters, 148 Hawaiʻi at 65-66, 468 P.3d at 79-80. Because a recount excluding the invalid 350 votes was not possible, this court held that "a correct result without the inclusion of the 350 ballots cannot be ascertained" and, thus, the second special election for this seat "must be invalidated." Id. at 65, 468 P.3d at 79; see HRS § 11-174.5(b).

11. Before reaching this result, this court said:

> 6. In Count I of his complaint, Waters alleges that the absentee ballots in the District IV election counted between the fourth printout and the fifth printout were miscounted because they were not delivered to the State Capitol for counting before the polls closed on election day. Waters claims that as many as 1,286[] absentee return envelopes were not received by the City Clerk or the Office of Elections by the close of the polls at 6:00 p.m. on November 6, 2018. Waters contends that the counting of these ballots violates HRS § 15-9(a), and they therefore cannot be considered.

---

[1] HRS § 15-9 has since been amended, but at the time was interpreted by this court to require all absentee mail-in return envelopes to be "received by the City Clerk or an authorized representative by 6:00 p.m. on election day." Waters, 148 Hawaiʻi at 62, 468 P.3d at 76.

9

> 7. The 39 voters allege in Count I of their complaint that the City Clerk "miscounted, misapplied, and mishandled" the ballots included in the fifth printout by "failing to follow requirements set forth within the governing statutes and administrative rules." In subsequent filings, the voters clarified their argument, contending that the City Clerk had violated HRS § 15-9(a) by collecting mail-in absentee return envelopes after the closing of the polls.
>
> 8. Because Waters and the 39 voters allege a particular error that would invalidate a number of votes greater than the 22-vote margin by which the election was decided, they have alleged a specific mistake "sufficient to change the result," as is required to state a claim for relief under our precedents.[] Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103 (quoting Funakoshi, 65 Haw. at 316-17, 651 P.2d at 915).

Waters, 148 Hawaiʻi at 60-61, 468 P.3d at 74-75.

12. When reviewing a motion to dismiss a complaint, the court must accept the plaintiff's allegations as true and view them in a light most favorable to the plaintiff. Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 257, 428 P.3d 761, 769 (2018). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. Id.

13. Conclusory assertions concerning the legal effects of the events alleged will not be accepted. Reyes-Toledo, 143 Hawaiʻi at 262, 428 P.3d at 774.

14. Malish has not alleged specific facts, or actual information of mistakes or errors, sufficient to change the result of the 2022 general election for the State Senator,

10

District 9 office.  See Waters, 148 Hawai'i at 60-61, 468 P.3d at 74-75.  In other words, even if Malish's assertion that his name should have been on the 2022 general election ballot are taken as true and viewed in a light most favorable to Malish, Malish has not alleged a specific error "sufficient to change the result" of the 2022 general election for the office of State Senator, District 9.  See id.; Tataii, 119 Hawai'i at 340, 198 P.3d at 127 ("An election contest cannot be based upon mere belief or indefinite information."  (Quoting Akaka, 84 Hawai'i at 387-88, 935 P.2d at 102-03)).

15.  Nor does Malish assert that a certain candidate received a majority of the votes cast in the 2022 general election for the State Senator, District 9 office, and was elected.  See HRS § 11-174.5(b).

16.  Accordingly, it appears beyond doubt that Malish can prove no set of facts in support of Malish's claim that would entitle Malish to relief.  See Reyes-Toledo, 143 Hawai'i at 257, 428 P.3d at 769.

17.  In addition to Malish's assertion, the election complaint asserts that the 2022 primary election ballot is unconstitutional and violates HRS § 12-31 because the instructions on the 2022 primary election ballot states that the voter must select a political preference for the vote to count. Plaintiffs seek a declaratory judgment pursuant to HRCP Rule 57,

11

and also cite to HRS § 602-5 (2016) as providing this court with jurisdiction "to rule on these matters of statutes, laws, constitutionality and compliance with thereof."

18. In Lewis v. Cayetano, 72 Haw. 499, 502, 823 P.2d 738, 740 (1992), which concerned two unsuccessful County of Kaua'i proposals, the plaintiffs asserted, among other things, that the County Clerk erred by including the overvotes in tallying the total number of votes cast on the question. This court held that, even though the doctrine of laches did not bar this issue, we "nevertheless decline[d] to determine the merits of the issue" because "[e]ven if we accept plaintiffs' contention, the election results would not have changed" and the plaintiffs "would not be entitled to relief." Id. at 503, 823 P.2d at 741.

19. Similarly, here, even if we were to accept Plaintiffs' contention, Plaintiffs have not shown how the 2022 general election results would change nor the relief that Plaintiffs would be entitled to. See Lewis, 72 Haw. at 503, 823 P.2d at 741; see also Tataii, 119 Hawai'i at 340, 198 P.3d at 127 ("An election contest cannot be based upon mere belief or indefinite information." (Quoting Akaka, 84 Hawai'i at 387-88, 935 P.2d at 102-03)).

20. Plaintiffs' motion for a declaratory judgment addressing the constitutionality and validity of the voting

12

instructions printed on the 2022 primary election ballot is thus denied because the motion does not state a claim on which relief can be granted in an election contest.  See Lewis, 72 Haw. at 503, 823 P.2d at 741.

21.  Because we are dismissing the election complaint for failure to state a claim on which relief may be granted, we deny Plaintiffs' requests for oral argument, judicial notice of adjudicative facts, and questions for admission to be answered.

JUDGMENT

Based on the above findings of fact and conclusions of law, judgment is entered granting the motion to dismiss and dismissing the complaint.

DATED: Honolulu, Hawaiʻi, December 23, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

